**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

JULIE BEBERMAN,

        *Plaintiff*,

    v.

MARCO RUBIO, *in his official capacity as Secretary of State*

        *Defendant*.

Civil Action No. 22-3434 (TJK)

---

## ORDER

The Government has filed a Motion for Entry of Judgment Under Rule 54(b). ECF No. 58. While resolving that Motion, the Court has identified overlap between this case and one filed by Plaintiff Julie Beberman in the U.S. District Court for the Virgin Islands, *Julie Beberman v. Marco Rubio*, No. 1:25-cv-00041 (D.V.I.). For the reasons explained below, the Court will order this case stayed pending the resolution of the Government's motion in that case to transfer it here.

Beberman filed a petition for review in the Virgin Islands in December 2025. *See Beberman*, No. 1:25-cv-00041 (D.V.I.), ECF No. 1. There, she challenges the Foreign Service Grievance Board's September 2025 decision on remand—from *this* Court—relating to certain aspects of a grievance she filed stemming from her tenure as a State Department employee. *See id.* ¶ 2. She also challenges other, related Board decisions, some of which she also challenged in this case; the Court resolved those claims in May 2025. *See* ECF Nos. 21, 27, 54 (Order), 55 (Memorandum Opinion); *Beberman*, No. 1:25-cv-00041 (D.V.I.), ECF No. 1 ¶ 2. The Government has moved to transfer the Virgin Islands case to the District of Columbia. *See Beberman*, No. 1:25-cv-00041 (D.V.I.), ECF No. 13 at 6. That motion is pending.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of causes on its docket." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see Dietz v. Bouldin*, 579 U.S. 40, 47 (2016). The court can thus issue a stay sua sponte. *See Broidy Cap. Mgmt. LLC v. Muzin*, No. 19-CV-150 (DLF), 2022 WL 2157047, at *2 n.1 (D.D.C. June 15, 2022). When the court exercises its inherent power, that exercise "must be a reasonable response to the problems and needs confronting the court's fair administration of justice." *Dietz*, 579 U.S. at 45 (quotation marks omitted). And in determining whether to issue a stay, the court must "weigh competing interests" between "the court's interests in judicial economy and any possible hardship to the parties." *Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 733 (D.C. Cir. 2012) (quotation marks omitted).

Here, a stay of this case pending the resolution of the Virgin Islands motion to transfer is a "reasonable response" to the problems of this case. *Dietz*, 579 U.S. at 45. This case has substantial overlap with the Virgin Islands case. The Court's view on the proper resolution of the Government's Rule 54(b) motion—and whether the Government still seeks that relief—may change depending on the outcome of the Virgin Islands transfer motion. And because the same party—the Government—has both moved under Rule 54(b) in this case and for transfer of venue in the Virgin Islands case, there is a diminished risk of hardship to the parties.

For all the above reasons, it is hereby **ORDERED** that this case is **STAYED** pending further order of the Court. It is further **ORDERED** that the parties shall file a joint status report informing the Court of the resolution of the transfer motion in the Virgin Islands case within seven days of the court there deciding it.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: July 8, 2026

2